PER CURIAM.
Petitioners seek review by certiorari of an order rendered by the Commissioner of Agriculture of Florida pursuant to Section 604.21, Florida Statutes, F.S.A., finding that petitioner Steinmetz is indebted to certain named claimants in the amounts specified in the order.
*39 Petitioner Steinmetz was a duly licensed dealer in agricultural products in Florida, having qualified to engage in this business as required by the provisions of Chapter 604, Florida Statutes, F.S.A. Several complaints were filed with the Commissioner alleging failure of Steinmetz to pay for agricultural products purchased by him from the claimants in accordance with the terms of the sales. After hearing at which petitioners offered no evidence in rebuttal of that introduced by the claimants, the order now reviewed was rendered.
By their first point petitioners contend that the Commissioner erred in finding that they are indebted to the claimants Neal and Lindeman. They question the sufficiency of the evidence to support this finding and conclusion. Although neither Neal nor Lindeman appeared at the hearing or offered testimony in their behalf, their respective claims were supported by affidavits and sufficiently documented by invoices and delivery tickets as to form a proper basis for the conclusion reached by the Commissioner.
By their remaining point petitioners contend that the Commissioner erred in accepting the letter received by him from the attorney representing one of the claimants as a complaint filed within the statutory period in substantial compliance with the requirements of the Statute. Although the letter was not in the exact form prescribed by the Commissioner’s regulations, the petitioners have failed to demonstrate that such noncompliance prejudiced their position in any manner, or resulted in an injustice for which no adequate remedy was afforded by law. It is our view that the Commissioner’s action in treating the letter as proper complaint under the Statute did not constitute a departure from the essential requirements of law. Petitioners’ contention in this respect is without merit and must be rejected.
Certiorari is denied.
RAWLS, C. J., and WIGGINTON, and CARROLL, DONALD, K., JJ., concur.